UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LINDA FOWLER,

Plaintiff(s),

v.

WAL-MART STORES, INC.,

Defendant(s).

Case No. 2:16-CV-450 JCM (GWF)

ORDER

Presently before the court is defendant Wal-Mart Stores, Inc.'s ("Wal-Mart" or "defendant") motion for summary judgment. (ECF No. 19). Plaintiff Linda Fowler ("Fowler" or "plaintiff") filed a response (ECF No. 20), to which Wal-Mart replied (ECF No. 24).

**I.     Facts**

The instant action involves a slip-and-fall incident at Wal-Mart's store at approximately 2:40 p.m. on October 27, 2013, from which plaintiff sustained injuries.  Plaintiff alleges that she slipped on a wet substance near the house and garden center, causing her to fall on the ground. (ECF No. 1-2 at 3).

Plaintiff originally filed the complaint in state court on October 8, 2015, alleging one claim for relief: negligence.  (ECF No. 1-2).  Wal-Mart removed the action to federal court on March 2, 2016.  (ECF No. 1).

In the instant motion, Wal-Mart moves for summary judgment in its favor.  (ECF No. 19).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. Discussion

In the instant motion, Wal-Mart argues that summary judgment is proper because Fowler failed to set forth any evidence showing that Wal-Mart breached a duty to plaintiff. (ECF No. 19 at 1, 6–13).

"To prevail on a traditional negligence theory, a plaintiff must demonstrate that '(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages.'" *Foster v. Costco Wholesale Corp.*, 291 P.3d 150, 153 (Nev. 2012) (quoting *DeBoer v. Sr. Bridges of Sparks Fam. Hosp.*, 282 P.3d 727, 732 (Nev. 2012)).

Whether a defendant owes a plaintiff a duty of care is a question of law. *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009); *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1381 (Nev. 1997). "[A] business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 322 (Nev. 1993). Therefore, Wal-Mart owed plaintiff a duty of care because Fowler was a customer in defendant's store.

However, a business will be liable in a slip-and-fall due to a foreign substance only (a) if the foreign substance was on the floor because of actions of the business owner or one of its agents, or (b) if the business had "actual or constructive notice of the condition and failed to remedy it." *Id.* at 322–23; *see also Linnell v. Carrabba's Italian Grill, LLC*, 833 F. Supp. 2d 1235, 1237 (D. Nev. 2011).

In the instant motion, Wal-Mart argues that summary judgment is proper because no evidence exists to support a finding of actual or constructive notice of the alleged hazardous condition. (ECF No. 19 at 6–13). Wal-Mart argues that no evidence exists to support a finding that any agent or employee of Walmart knew or should have known of the spill prior to the plaintiff's alleged incident. (ECF No. 19 at 7). Further, Wal-Mart argues that no evidence exists to support a finding that it created the spill or knew about it prior to plaintiff's incident. (ECF No. 19 at 7).

In response, Fowler argues that genuine issues exist as to whether a Wal-Mart employee caused the spill, whether Wal-Mart knew the spill existed and failed to remedy it, and whether the spill remained for an unreasonable period of time. (ECF No. 20). Fowler further argues that summary judgment is not proper because Wal-Mart has been unable to establish a timeframe as to when the spill occurred. (ECF No. 20 at 18). Fowler asserts that the surveillance video shows used paper towels placed against the shelf near the area where plaintiff fell, suggesting that Wal-Mart knew of the spill. (ECF No. 20 at 15). Fowler further asserts that the photos taken after the fall show numerous footprints through the spilled substance, suggesting that the spill was on the floor for a prolonged period of time. (ECF Nos 20 at 16; 20-1 at 2–5).

Plaintiff's expert noted that Wal-Mart's guidelines advise its associates to periodically walk through their areas to check for safety and cleanliness and that the guidelines enjoins associates to zone their areas exclusively between 2:00 p.m. and 4:00 p.m. (ECF No. 20-1 at 65). Plaintiff's expert concluded that plaintiff fell around 2:40 p.m., at which time "the associates would properly have been (per their instructions) tidying and arranging merchandise, but not conducting safety sweeps." (ECF No. 20-1 at 65).

In reply, Wal-Mart contends that the used paper towels appeared well after plaintiff's incident, pointing to the time stamps in the surveillance video. (ECF No. 24). Wal-Mart further argues that Fowler set forth no evidence regarding when the last inspection occurred or could have occurred. (ECF No. 24 at 8–9). Wal-Mart asserts that plaintiff's expert admits that the specific time period of the spill cannot be ascertained. (ECF No. 24 at 7).

"Whether [a defendant] was under constructive notice of the hazardous condition is, in accordance with the general rule, a question of fact properly left for the jury." *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320, 323 (Nev. 1993). "A defendant may have constructive notice of a hazardous condition if a reasonable jury could determine that based on the circumstances of the hazard the defendant should have known the condition existed." *Chasson-Forrest v. Cox Commc'ns Las Vegas, Inc.*, No. 70264, 2017 WL 1328370, at *1 (Nev. App. Mar. 31, 2017). Alternatively, a plaintiff could prove constructive notice through evidence that the foreign substance was on the floor for an unreasonable length of time before the incident such that defendant should have known about it. *See, e.g.*, *Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 176 (Nev. 1962).

"[C]ourts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause and reasonableness usually are questions of fact for the jury." *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001) (quotation marks and citations omitted). However, defendant is entitled to summary judgment "when plaintiff as a matter of law cannot recover." *Id.* Thus, defendant may prevail on a motion for summary judgment by negating at least one of the elements of negligence. *See, e.g.*, *Perez v. Las Vegas Medical Center*, 805 P.2d 589, 591 (Nev. 1991).

In light of the foregoing and based on the filings, the court finds that Wal-Mart has failed to show—by negating one of the essential elements of plaintiff's negligence claim (*i.e.*, breach)—that Fowler cannot recover as a matter of law. Wal-Mart has failed to present any evidence tending to negate the element of breach. *See Celotex Corp.*, 477 U.S. at 323–24. In fact, Wal-Mart does not assert that its employee did not cause the spill or that its employees lacked knowledge of the spill.

Further, Wal-Mart has failed to demonstrate that Fowler failed to make a showing sufficient to establish the element of breach. *See id.* Rather, Wal-Mart merely asserts that the evidence fails to raise a genuine issue based on its own interpretation thereof. Such assessments of evidence, however, are for the jury to make.

While evidence of notice is sparse, Fowler has presented some evidence that, if taken in the light most favorable to plaintiff, a reasonable jury could find that the spill was on the floor for an unreasonable length of time, such that Wal-Mart should have known the spill existed. In particular, a reasonable jury could conclude that the spill existed for an unreasonable length of time based on the photos of the spill and the report of plaintiff's expert.

Accordingly, the court will deny Wal-Mart's motion for summary judgment (ECF No. 19).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wal-Mart's motion for summary judgment (ECF No. 19) be, and the same hereby is, DENIED.

DATED May 24, 2017.

_____
UNITED STATES DISTRICT JUDGE