UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA FOWLER,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　　　　Defendant(s). | Case No. 2:16-CV-450 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Wal-Mart Stores, Inc.'s ("Wal-Mart" or "defendant") motion to reconsider. (ECF No. 43). Plaintiff Linda Fowler filed a response. (ECF No. 45).

**I.    Facts**

The instant action involves a slip-and-fall incident at Wal-Mart's store on October 27, 2013, from which plaintiff sustained injuries. Plaintiff alleges that she slipped on a wet substance in an aisle near the house and garden center, causing her to fall on the ground. (ECF No. 1-2 at 3). Plaintiff further alleges that after the fall, a Wal-Mart employee was shown cleaning up a foreign substance on the floor in the main cross aisle connected to the aisle that she fell in. (ECF No. 1-2).

Plaintiff originally filed the complaint in state court on October 8, 2015, alleging one cause of action for negligence. (ECF No. 1-2). Wal-Mart removed the action to federal court on March 2, 2016. (ECF No. 1).

On January 18, 2017, plaintiff filed a motion to strike defendant's answer or for an adjudication as to liability or in the alternative, for adverse presumption or inference due to defendant's spoliation of evidence relating to the subject action. (ECF No. 21). Plaintiff asserted

**James C. Mahan**
**U.S. District Judge**

1   that the occurrence of the subject incident was sufficient to put Wal-Mart on notice of its need to
2   preserve evidence.  (ECF No. 21).  Plaintiff argued that sanctions are appropriate, *inter alia*,
3   because Wal-Mart had notice of plaintiff's accident and failed to take photographs of the foreign
4   substance in the main cross aisle, thereby failing to preserve potentially relevant evidence.  (ECF
5   No. 21).
6         In response, Wal-Mart argued that there was no reasonable basis to believe that the foreign
7   substance in the main cross aisle was related to the substance on which plaintiff slipped.  (ECF
8   No. 23).
9         The magistrate judge granted in part and denied in part plaintiff's motion to strike (ECF
10  No. 21), concluding as follows:

> Sanctions are not warranted against Defendant based on its alleged failure to preserve video from the so-called east camera or from the camera pointed at the fire exit door. Defendant did breach its duty to inspect and photograph the substances that the employee was shown cleaning up in the main cross-aisle as Plaintiff was departing the store. The appropriate sanction for this breach is an adverse inference jury instruction

(ECF No. 40 at 17).  The magistrate judge found that "[b]ecause Wal-Mart negligently failed to preserve evidence regarding the substance in the main cross-aisle, the jury should be instructed that they can infer that the substances in the main cross-aisle were part of the same spill that deposited the foreign substances were part of the same spill that cause [p]laintiff's fall."  (ECF No. 40 at 17).

      In the instant motion, Wal-Mart seeks reconsideration of the magistrate judge's order (ECF No. 40) granting in part and denying in part plaintiff's motion to strike (ECF No. 21).  (ECF No. 43).

**II.     Legal Standard**

      A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions.  LR IB 3-1(b).

      Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the

**James C. Mahan**
**U.S. District Judge**

- 2 -

magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 2017 WL 77415, at *3, --- F. Supp. 3d ----, ---- (D. Nev. Jan. 9, 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that under the contrary to law standard, the district judge reviews the magistrate judge's legal conclusions *de novo*).

**III.   Discussion**

In the instant motion, Wal-Mart requests that "the [c]ourt overturn the sanction against Walmart of an adverse inference instruction regarding the spill in the main cross-aisle." (ECF No. 43 at 21). Wal-Mart argues that the magistrate judge erred in finding that Wal-Mart was negligent for not taking additional photographs and that such failure constituted spoliation of evidence. (ECF No. 43). Wal-Mart further contends that the magistrate judge erred in failing to consider whether the untaken photographs were relevant to plaintiff's claim. (ECF No. 43).

"Under its inherent power to control litigation, a district court may levy sanctions, including dismissal of the action, for spoliation of evidence." *United States v. $40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991) (holding that a trial court has the inherent authority to sanction a party for discovery and litigation abuse). While the court has the power to dismiss a lawsuit pursuant to its inherent authority, less severe sanctions should be considered. *Chambers*, 501 U.S. at 44.

**James C. Mahan**
**U.S. District Judge**

- 3 -

An adverse inference instruction may be given upon a finding that the evidence was destroyed after a party was on notice of the potential relevance of the evidence to the litigation. *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). A finding of "bad faith" is not a prerequisite to an adverse inference instruction. *Id. See generally Akiona v. United States*, 935 F.2d 158, 161 (9th Cir. 1991) (explaining the twin rationales for permitting the trier of fact to draw an adverse inference from the destruction of evidence relevant to a case).

"A district court's adverse inference sanction should be carefully fashioned to deny the wrongdoer the fruits of its misconduct yet not interfere with that party's right to produce other relevant evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386–87 (9th Cir. 2010). Although the Ninth Circuit has approved the use of adverse inferences as sanctions for spoliation of evidence, it has not articulated a precise standard for determining when spoliation sanctions are appropriate. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012).

"Trial courts have widely adopted the Second Circuit's three-part test, which provides that a party seeking an adverse inference instruction based on the destruction of evidence must establish: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* at 989–90 (quotations omitted); *see also McCabe v. Wal-Mart Stores, Inc.*, No. 214CV01987JADCWH, 2016 WL 706191, at *2 (D. Nev. Feb. 22, 2016).

"Spoliation" is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *See, e.g.*, *United States v. Kitsap Physicians Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002). "This is an objective standard, asking not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1320 (9th Cir. 2011).

Upon reviewing the underlying filings, the court finds that Wal-Mart's failure to inspect and take photographs of the spill in the main cross aisle does not constitute spoliation of evidence.

**James C. Mahan**
**U.S. District Judge**

The law does not impose a duty on Wal-Mart to preserve the spill in the main cross aisle, nor does the law require Wal-Mart to create photographic evidence thereof. Therefore, the court will reverse, in part, the magistrate judge's order (ECF No. 40) to the extent that it granted (in part) plaintiff's motion to strike (ECF No. 21) based on a finding of spoliation of evidence and ordered an adverse jury instruction.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wal-Mart's motion to reconsider (ECF No. 43) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that Magistrate Judge Foley's order (ECF No. 40) be, and the same hereby is, REVERSED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's motion to strike (ECF No. 21) be, and the same hereby is, DENIED in its entirety.

DATED July 26, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**